United States District Court
Southern District of Texas
**ENTERED**
March 17, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Tanisha Richard, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-26-537 |
| | § | |
| CDI Products LLC, | § | |
| *Defendant*. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 7. The court recommends that the Application be **DENIED**.

### 1. Legal Standard and Analysis

Plaintiff Tanisha Richard requests to proceed in forma pauperis. ECF No. 7. The court may grant in forma pauperis status to an indigent litigant "who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

"[A] district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). "[T]here is no requirement that an individual 'be absolutely destitute' or spend 'the last dollar they have' towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Id.* (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948)). The question is whether the litigant can afford the costs without undue financial hardship or deprivation of "the necessities of life." *Martinez v. Tex. Gen. Land Office*, No. 25-

CV-01745, 2025 WL 3259304, at *1 (W.D. Tex. Nov. 3, 2025) (citing *Adkins*, 335 U.S. at 339).

Courts consider the litigant's financial resources and expenses and whether those expenses are discretionary or mandatory. *Moates v. Biden*, No. 22-CV-0626, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)), *R. & R. adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022). Courts may look to where the litigant's reported income is in relation to applicable poverty guidelines. *Id.*

Richard does not report whether she is employed, but she also states that her gross pay is $38,000 and that her take-home pay is $1,100 every two weeks. ECF No. 7 at 1. Richard also states that she has not received any income from a business or profession in the last twelve months. *Id.* Richard states that she has $800 in cash or a checking account and that she owns a car worth $5,000. *Id.* at 1–2. Richard reports that her monthly expenses total approximately $2,173. *Id.* at 2. Richard did not report any other expenses, and she does not have any dependents. *Id.*

The poverty guideline for an individual with no dependents is $15,960. U.S. Dep't of Health & Human Serv., Office of the Assistant Sec'y for Planning and Evaluation, *HHS Poverty Guidelines for 2026,* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Mar. 13, 2026). Richard's annual household income is well above the poverty guideline. Her income appears to exceed her reported expenses each month. Thus, Richard's financial affidavit does not show that paying the court costs and fees would cause her undue financial hardship or deprivation of "the necessities of life." *Cf. Moates*, 2022 WL 3566451 at *1; *see also Linwood v. Fin. Am., LLC*, No. 24-CV-01963, 2024 WL 3682299, at *1 (N.D. Tex. Aug. 6, 2024). Accordingly, the court recommends that Richard's request to proceed in forma pauperis be **DENIED**.

### *2. Conclusion*

The court recommends that Richard's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 7, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on March 13, 2026.

Peter Bray
United States Magistrate Judge

3